IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERVIN HOLLOWAY | ) | |
| | ) | CV NO. 2:00cv1328-A |
| v. | ) | (CR NO. 2:98cr69) |
| | ) | WO |
| UNITED STATES OF AMERICA | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on remand from the Eleventh Circuit Court of Appeals with instructions to address movant Ervin Holloway's claim that his appellate counsel was ineffective for failing to appeal the denial of his motion for a new trial, Ground Five of Holloway's 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. *See Holloway v. United States*, No. 04-12957 (11th Cir. Feb. 8, 2005) (unpublished opinion). This court failed to address this claim when it originally denied Holloway's § 2255 motion.

**I. DISCUSSION**

A jury found Holloway guilty of conspiracy to distribute and possess with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with intent to distribute marijuana and cocaine base, in violation of 21 U.S.C. § 841(a)(1). Holloway filed a motion for a new trial that contained the following grounds:

(1) That the Court lacked Jurisdiction over this case pursuant to 18 U.S.C. Section 3161(b).

(2) That the verdict of the Jury is contrary to the facts and the law as set forth pursuant to 21 U.S.C. [Section] 846.

> (3) That further the verdict of the Jury is contrary to the facts and the law as set forth pursuant to [21] U.S.C. [Section] 841(a)(1).
>
> (4) That the Government failed to prove that the Defendant was guilty of a conspiracy and erred in allowing the case to be submitted to the Jury on the conspiracy count.
>
> (5) That further the Government failed to establish beyond a reasonable doubt the element[s] of 21 U.S.C. [Section] 841(a)(1) in that they did not prove that the Defendant "Possessed" the drugs in question nor that he had the requisite intent to distribute the drugs.

(Doc. 256 in Criminal No. 2:98cr69.) The trial court denied Holloway's motion for a new trial in an order entered on December 18, 1998. (Doc. 324 in Criminal No. 2:98cr69.)

Holloway's § 2255 motion is devoid of specific facts or argument to support his claim that his appellate counsel was ineffective for failing to appeal the denial of his motion for a new trial. Instead, the § 2255 motion contains only citation to boilerplate law on the standard for assessing ineffective assistance of counsel claims. *See § 2255 Motion* (Doc. 425) at 15-16. Thus, Holloway fails to demonstrate that appellate counsel's performance in this regard fell below an objective standard of reasonableness and prejudiced his case. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984).

Furthermore, Holloway's claim of ineffective assistance of appellate counsel rests on allegations that lack merit and are refuted by the record in this case. As indicated above, one of the grounds for relief asserted in Holloway's new trial motion was that the trial court "lacked Jurisdiction over this case pursuant to 18 U.S.C. Section 3161(b)." Section 3161(b), a part of the "Speedy Trial Act," requires:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. *If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.*

*Id.* (emphasis added). The record in this case reflects that Holloway was originally charged by criminal complaint on March 19, 1998. (Doc. 1 in Criminal No. 2:98cr69.) No grand jury was in session in the Northern Division of Alabama's Middle District during the ensuing thirty-day period. The next available grand jury met on April 28, 1998, and Holloway's case was presented to the grand jury at that time. (Doc. 43 in Criminal No. 2:98cr69.) Thus, Holloway was indicted within the additional time allowed by § 3161(b) when no grand jury is in session within thirty days of an individual's being charged, and there was no violation of the thirty day provision of the Speedy Trial Act. Accordingly, Holloway's appellate counsel cannot be deemed ineffective for failing to pursue this ground of the motion for a new trial on appeal. "[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance." *Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994). *See also Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000).

The remaining four grounds in Holloway's new trial motion are essentially claims contesting the sufficiency of the evidence of Holloway's guilt. The record reflects that Holloway's appellate counsel thoroughly briefed and argued the issue of the sufficiency of the evidence on direct appeal. *See "Brief of Defendant-Appellant Ervin Holloway"* at 8-13.

However, the sufficiency claim was rejected by the Eleventh Circuit, which found that "the evidence was more than sufficient to support Holloway's convictions." *United States v. Holloway*, No.98-7051 at p. 2 (11th Cir. Dec. 9, 1999) (unpublished opinion). Thus, Holloway's suggestion that his appellate counsel was ineffective for failing to pursue the issue of the sufficiency of the evidence raised in the motion for a new trial has no basis in fact, and there is no merit to this allegation of attorney error.

For the foregoing reasons, Holloway is entitled to no relief on his claim that his appellate counsel was ineffective for failing to appeal the denial of his motion for a new trial.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Holloway be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before May 19, 2005. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 6th day of May, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE