IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERVIN HOLLOWAY | ) | |
| | ) | |
| v. | ) | CR NO. 2:98cr69 |
| | ) | WO |
| UNITED STATES OF AMERICA | ) | |

**SUPPLEMENTAL RECOMMENDATION OF THE MAGISTRATE JUDGE**

On June 7, 2005, the movant, Ervin Holloway, filed objections to this court's Recommendation entered on May 6, 2005. Upon review of these objections, the court concludes that one aspect of Holloway's claim of ineffective assistance of appellate counsel warrants further discussion.

**I. DISCUSSION**

Holloway objects to this court's determination that his appellate counsel was not ineffective for failing to pursue a claim, raised in Holloway's motion for a new trial, that his indictment was untimely under 18 U.S.C. § 3161(b).[1] In rejecting Holloway's claim, this court found that "the next available grand jury" following Holloway's March 20, 1998, arrest met on April 28, 1998 and, therefore, Holloway's indictment on that date was timely

---

[1] Section 3161(b) provides:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days

Holloway was arrested on March 20, 1998, and was indicted on April 28, 1998.

under the provision of § 3161(b) that extends the thirty-day limit for indictment an additional thirty days when no grand jury has been in session during the thirty-day period following the defendant's arrest. *See June 7, 2005 Recommendation of the Magistrate Judge* (Doc. 489) at 3. Accordingly, the court determined that Holloway's appellate counsel was not ineffective for failing to pursue a non-meritorious issue. *Id*.

In objecting to the court's Recommendation, Holloway asserts that he "has legal reasons to believe" that a grand jury met in March of 1998 (i.e., within thirty days of his arrest) and that, consequently, his indictment on April 28, 1998, was untimely under the general, nonextended thirty-day limit of § 3161(b). *See Objections* (Doc. 490) at 4-5.

The court's records indicate that on March 31, 1998, a "special setting" grand jury *reconvened* in the Northern Division of Alabama's Middle District. Formation of a special grand jury requires that a representative of the Attorney General certify in writing to the chief judge of a judicial district "that in his judgment a special grand jury is necessary because of criminal activity in the district." *See* 18 U.S.C. § 3331. Special grand juries are not impaneled according to a regular schedule; instead, they typically meet as needed for particular investigations, and they frequently serve for many months during which the scope of inquiry may be limited to a specific investigation. Consequently, under the court's ordinary and customary procedures, Holloway's case would not have been set for consideration during a session of a special grand jury.

However, Holloway argues that, for purposes of § 3161(b), the special grand jury of March 31, 1998, constituted a grand jury that was "in session" during the thirty-day period

2

following his arrest, rendering inapplicable § 3161(b)'s provision for a thirty-day extension when no grand jury has been in session. That provision was relied upon by this court in its original discussion of Holloway's claim. Holloway cites no case law in support of his argument that a reconvened setting of a special grand jury "counts" as the next available grand jury for purposes of §3161(b), and the court has found no authority to this effect. However, the court need not reach this argument because, even assuming that the additional thirty-day extension rule did not apply, Holloway's indictment was still timely under § 3161(b).

As indicated above, the general provision of § 3161(b) requires the government to indict a defendant within thirty days from the date on which the defendant was arrested or served with a summons. However, in calculating the time within which an indictment must be secured, certain events, as specified in 18 U.S.C. § 3161(h), "toll" the speedy-indictment clock and constitute periods excludable from the thirty-day period. *See United States v. Williams*, 314 F.3d 552, 556 (11th Cir. 2002); *United States v. Leftenant*, 341 F.3d 338, 344 (4th Cir. 2003), *cert. denied*, 540 U.S. 1166 (2004). Among these excludable periods is "[a]ny period of delay resulting from other proceedings concerning the defendant, including, but not limited to ... delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." 18 U.S.C. § 3161(h)(1)(F). "[Section] 3161(h)(1)(F) excludes all time between the filing of the motion and the conclusion of the hearing at which it is addressed." *United States v. Dunn*, 345 F.3d 1285, 1292 (11th Cir. 2003), *cert. denied*, ___ U.S. ___, 124 S.Ct. 2837 (2004); *see*

*Henderson v. United States*, 476 U.S. 321, 330 (1986); *United States v. Phillips*, 936 F.2d 1252, 1254 (11th Cir. 1991). "[E]ach period of excludable delay listed in § 3161(h) is automatically excluded from the speedy [indictment] clock, regardless of whether the excludable event caused any actual delay." *United States v. Davenport*, 935 F.2d 1223, 1233-34 (11th Cir. 1991) (citing *United States v. Stafford*, 697 F.2d 1367, 1371 (11th Cir. 1983)); *see also United States v. Saintil*, 705 F.2d 415, 417 (11th Cir. 1983).

The record in this case reveals several excludable periods under § 3161(h)(1)(F) from the time of Holloway's arrest on March 20, 1998, through his indictment thirty-nine calendar days later on April 28, 1998. However, for purposes of this Recommendation, it is necessary to consider only one of those excludable periods in order to confirm that Holloway was indicted within thirty non-excludable days of his arrest and that his indictment was therefore timely. *See Leftenant*, *supra*, 341 F.3d at 344 ("[Section] 3161(b) does not require that an indictment be returned within thirty *calendar* days of arrest. Instead, it requires that an indictment, in order to be considered timely, be returned within thirty *nonexcludable* days.") (emphasis in original).

The record shows that on April 10, 1998, Holloway filed a "Motion to Review Detention Order" requesting that the district court review a detention order entered earlier by the Magistrate Judge. (Doc. 38 in Criminal No. 2:98cr69.) Accompanying Holloway's motion was a request for a hearing on the matter. The district court held a hearing on Holloway's motion on April 29, 1998. Pursuant to § 3161(h)(1)(F), the speedy indictment clock was tolled on April 10, 1998, the date on which Holloway filed his motion, and the

entire period from his filing of the motion through the court's hearing on the motion was excludable from the thirty-day clock.  On April 10, 1998, twenty-one calendar days after Holloway's arrest, several days clearly remained on the thirty-day clock.  Because the hearing on Holloway's motion took place on April 29, 1998, the thirty-day clock remained stopped, and had not expired, when Holloway's indictment was returned on April 28, 1998.  Therefore, Holloway was indicted within thirty non-excludable days of his arrest, and his indictment was timely for purposes of § 3161(b).[2]

---

[2]As indicated above, there were other excludable periods in Holloway's case, consideration of which in the body of this Recommendation is unnecessary to dispose of Holloway's claim.  Those excludable periods included the following:

– March 19, 1998, the date on which the government filed a motion for detention hearing (Doc. 6 in Criminal No. 2:98cr69), through March 25, 1998, the date on which the Magistrate Judge granted Holloway's motion to continue his detention hearing and preliminary hearing (Doc. 29 in Criminal No. 2:98cr69).  *See Dunn*, *supra*, 345 F.3d at 1293; *Williams*, *supra*, 314 F.3d at 556; *United States v. Godoy*, 821 F.2d 149, 1500 (11th Cir. 1987).

– March 20, 1998, the date on which Holloway was arrested and initially appeared.  *See Godoy*, 821 F.2d at 1500.  The arrest and initial appearance were "proceedings concerning the defendant" for purposes of § 3161(h)(1)(F).  Because the date of arrest and initial appearance fell within the March 19, 1998 - March 25, 1998, period listed above, it could be excluded only once in the speedy-indictment calculation.  *See Godoy*, 821 F.2d at 1503.

– March 26, 1998, the date on which Holloway moved for withdrawal of his attorney, though March 27, 1998, the date on which the Magistrate Judge granted Holloway's motion for withdrawal of his attorney (Doc. 30 in Criminal No. 2:98cr69).

– March 30, 1998, the date on which a preliminary hearing and a hearing on the motion for detention were held before the Magistrate Judge.  *See Dunn*, 345 F.3d at 1293.

– April 3, 1998, the date on which an additional hearing on the motion for detention

Accordingly, Holloway's appellate counsel cannot be deemed ineffective for failing to pursue this ground of the motion for a new trial on appeal. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("failure to raise nonmeritorious issues does not constitute ineffective assistance"); *see also Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Nyhuis,* 211 F.3d 1340, 1344 (11th Cir. 2000).

For the foregoing reasons, Holloway is entitled to no relief on his claim that his appellate counsel was ineffective for failing to appeal the denial of his motion for a new trial.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Holloway be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 6, 2005**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court

---

was held before the Magistrate Judge.

– April 28, 1998, the date on which Holloway was indicted (Doc. 43 in Criminal No. 2:98cr69).  This day could be excluded only once, because it fell within the excludable period (April 10, 1998 - April 29, 1998) during which Holloway's "Motion to Review Detention Order" was pending before the district court.

of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 23rd day of June, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE